IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CRYSTAL S.,[1] | ) |
| | ) |
|            **Plaintiff,** | ) |
| | )    **CIVIL ACTION** |
| v. | ) |
| | )    **No. 20-2425-JWL** |
| KILOLO KIJAKAZI,[2] | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
|            **Defendant.** | ) |
| _____ | ) |

**MEMORANDUM AND ORDER**

Plaintiff seeks review of a decision of the Commissioner of Social Security denying Disability Insurance Benefits (DIB) pursuant to sections 216(i) and 223 of the Social Security Act, 42 U.S.C. §§ 416(i) and 423 (hereinafter the Act). Finding error in the Administrative Law Judge's (ALJ) evaluation of the lay opinion of Plaintiff's husband, the court ORDERS that the Commissioner's decision shall be REVERSED and judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REMANDING the case for further proceedings consistent herewith.

---

[1] The court makes all its "Memorandum and Order[s]" available online. Therefore, in the interest of protecting the privacy interests of Social Security disability claimants, it has determined to caption such opinions using only the initial of the Plaintiff's last name.

[2] On July 9, 2021, Kilolo Kijakazi was sworn in as Acting Commissioner of Social Security. In accordance with Rule 25(d)(1) of the Federal Rules of Civil Procedure, Ms. Kijakazi is substituted for Commissioner Andrew M. Saul as the defendant. In accordance with the last sentence of 42 U.S.C. § 405(g), no further action is necessary.

**I.     Background**

Plaintiff protectively filed an application for DIB on October 12, 2015.  (R. 873). After exhausting administrative remedies before the Social Security Administration (SSA), Plaintiff filed an earlier case with the district court seeking judicial review of the Commissioner's decision pursuant to 42 U.S.C. § 405(g).  That court remanded for further proceedings, and the Commissioner once again denied benefits.  Plaintiff again appealed the Commissioner's unfavorable decision to this court.  (Doc. 1).  She claims the ALJ erred in considering the opinions of her physician, Dr. Sayed, the opinions of the state agency physicians, and the lay opinion of her husband.

The court's review is guided by the Act.  Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009).  Section 405(g) of the Act provides that in judicial review "[t]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive."  42 U.S.C. § 405(g).  The court must determine whether the ALJ's factual findings are supported by substantial evidence in the record and whether he applied the correct legal standard.  Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); accord, White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001).  "Substantial evidence" refers to the weight, not the amount, of the evidence.  It requires more than a scintilla, but less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401 (1971); see also, Wall, 561 F.3d at 1052; Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988). Consequently, to overturn an agency's finding of fact the court "must find that the

evidence not only supports [a contrary] conclusion, but compels it." I.N.S. v. Elias-Zacarias, 502 U.S. 478, 481, n.1 (1992) (emphases in original).

The court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency." Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991)); accord, Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005); see also, Bowling v. Shalala, 36 F.3d 431, 434 (5th Cir. 1994) (The court "may not reweigh the evidence in the record, nor try the issues de novo, nor substitute [the Court's] judgment for the [Commissioner's], even if the evidence preponderates against the [Commissioner's] decision.") (quoting Harrell v. Bowen, 862 F.2d 471, 475 (5th Cir. 1988)).  Nonetheless, the determination whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it constitutes mere conclusion. Gossett, 862 F.2d at 804-05; Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

The Commissioner uses the familiar five-step sequential process to evaluate a claim for disability.  20 C.F.R. § 404.1520; Wilson v. Astrue, 602 F.3d 1136, 1139 (10th Cir. 2010) (citing Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988)).  "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary." Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084).  In the first three steps, the Commissioner determines whether claimant has engaged in substantial gainful activity since the alleged onset, whether she has a severe impairment(s), and whether the severity of her impairment(s) meets or

3

equals the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1). Williams, 844 F.2d at 750-51. After evaluating step three, the Commissioner assesses claimant's residual functional capacity (RFC). 20 C.F.R. § 404.1520(e). This assessment is used at both step four and step five of the sequential evaluation process. Id.

The Commissioner next evaluates steps four and five of the process—determining at step four whether, considering the RFC assessed, claimant can perform her past relevant work; and at step five whether, when also considering the vocational factors of age, education, and work experience, she is able to perform other work in the economy. Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084). In steps one through four the burden is on Plaintiff to prove a disability that prevents performance of past relevant work. Blea v. Barnhart, 466 F.3d 903, 907 (10th Cir. 2006); accord, Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001); Williams, 844 F.2d at 751 n.2. At step five, the burden shifts to the Commissioner to show that there are jobs in the economy which are within the RFC previously assessed. Id.; Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999). Remand is necessary because the court finds error in the ALJ's evaluation of Plaintiff's husband's lay opinion. Therefore, it is unnecessary for the court to address the remaining errors alleged and Plaintiff may make her arguments in that regard to the Commissioner on remand.

## II.     Evaluation of Lay Opinion Evidence

Plaintiff points out that her husband provided a 3rd Party Function Report to the Commissioner and that the "decision is completely silent" regarding this report. (Pl. Br.

20). She argues that the SSA regulations and rulings require consideration of this report and Tenth Circuit case law requires the decision demonstrate any third-party opinions were considered. Id. (citing Simpson v. Astrue, Civil Action No. 11-2648-JWL, 2012 WL 5199744 (D. Kan. Oct. 22, 2012)). The Commissioner acknowledges "the ALJ did not explicitly mention this report," but argues the report was "largely similar to Plaintiff's claims … which the ALJ reasonably rejected," and any resulting technical error is harmless. (Comm'r Br. 8-9) (citing Best-Willie v. Colvin, 514 F. App'x 728, 736 (10th Cir. 2013)).

The court finds error in the ALJ's failure to address Plaintiff's husband's opinion and cannot find that error harmless in the circumstances presented here. As Plaintiff's brief suggests, in the Tenth Circuit an ALJ has not been required to make specific, written findings regarding each third-party opinion, but only when the written decision reflects that the ALJ considered that opinion. Blea, 466 F.3d at 914-15; Adams v. Chater, 93 F.3d 712, 715 (10th Cir. 1996).

Before March 27, 2017, the regulations and rulings required an ALJ to consider the opinions of non-medical sources such as a spouse. 20 C.F.R. § 404.1513(d)(1) (2016) ("for example, spouses"); and Soc. Sec. Ruling (SSR) 06-3p, West's Soc. Sec. Reporting Serv., Rulings 333 (Supp. 2016) (suggesting appropriate factors for an ALJ to consider). Effective March 27, 2017, SSR 06-3p was rescinded, arguably even for claims filed before that date. Compare, 2017 WL 3928298 (SSA March 27, 2017), and 2017 WL 3928305 (SSA March 27, 2017); with 2017 WL 3928297 (SSA April 6, 2017). 20 C.F.R § 404.1513 was also amended effective March 27, 2017 and no longer contains that

requirement. 20 C.F.R. § 405.1513 (2017). Nevertheless, 20 C.F.R. § 404.1527, entitled "Evaluating opinion evidence for claims filed before March 27, 2017" was promulgated effective March 27, 2017. <u>Revisions to Rules Regarding the Evaluation of Medical Evidence</u>, 82 Fed. Reg. 5844-01, 5869-71, (Jan. 18, 2017). A new regulation, 20 C.F.R. § 404.1520c, was promulgated concurrently, and discontinued the articulation requirement for evidence provided by non-medical sources for claims filed on or after March 27, 2017. However, 20 C.F.R. § 404.1527 continues the requirement to consider the opinions of non-medical sources and adds a specific articulation requirement that an

> adjudicator generally should explain the weight given to opinions from these sources or otherwise ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the adjudicator's reasoning, when such opinions may have an effect on the outcome of the case.

20 C.F.R. § 404.1527(f)(2) (2017).

In this case, Plaintiff's husband's opinion may have an effect on the outcome of the case because he suggests Plaintiff has functional limitations which, if accepted, are disabling and his testimony is that he has known Plaintiff 5 years, spends 16 hours with her everyday, and they do everything together. (R. 224). Moreover, as Plaintiff suggests there is no mention of his testimony, or even a citation to his report (Exhibit 5E), in the ALJ's decision. Thus, the court has little means to determine if the ALJ even reviewed his report. This determination is complicated further because although the ALJ stated he had considered the entire record and Exhibit 5E is titled as the husband's 3rd party report and contains that report, the first 10 pages of that exhibit consist of Plaintiff's "Function

6

Report – Adult." (R. 214-23). In these circumstance it is impossible for the court to determine with any certainty that the ALJ actually considered the husband's report.

The Commissioner's harmless error argument is also unavailing. In 2004, the Tenth Circuit considered the propriety of harmless error analysis in Social Security cases:

> Two considerations counsel a cautious, if not skeptical, reception to this idea. First, if too liberally embraced, it could obscure the important institutional boundary preserved by Drapeau's admonition that courts avoid usurping the administrative tribunal's responsibility to find the facts. Second, to the extent a harmless-error determination rests on legal or evidentiary matters not considered by the ALJ, it risks violating the general rule against post hoc justification of administrative action recognized in SEC v. Chenery Corp., 318 U.S. 80, 63 S. Ct. 454, 87 L. Ed. 626 (1943) and its progeny. With these caveats, it nevertheless may be appropriate to supply a missing dispositive finding under the rubric of harmless error in the right exceptional circumstance, i.e., where, based on material the ALJ did at least consider (just not properly), we could confidently say that no reasonable administrative factfinder, following the correct analysis, could have resolved the factual matter in any other way.

Allen v. Barnhart, 357 F.3d 1140, 1154 (10th Cir. 2004). This caution from Allen prohibits accepting the harmless error argument here. First, as noted above, the court cannot say the ALJ here considered the husband's report (properly or otherwise), moreover, the court cannot find "that no reasonable administrative factfinder, following the correct analysis, could have resolved the factual matter in any other way."

In a single, and penultimate, sentence Plaintiff asked the court to "reverse the final decision of the Commissioner with directions to grant her claims for benefits." (Pl. Br. 20). Plaintiff's failure to develop this argument has waived it. Wall, 561 F.3d at 1066 (issue presented without developed argumentation is waived); Franklin Sav. Corp. v. U.S., 180 F.3d 1124, 1128 n.6 (10th Cir. 1999) (arguments presented superficially are

7

waived) (citing <u>Sports Racing Servs., Inc. v. Sports Car Club of America, Inc.</u> 131 F.3d 874, 880 (10th Cir. 1997) (dismissing claims never developed, with virtually no argument presented)).

**IT IS THEREFORE ORDERED** that the Commissioner's decision shall be REVERSED and judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REMANDING the case for further proceedings consistent herewith.

Dated July 22, 2021, at Kansas City, Kansas.

s:/ *John W. Lungstrum*
**John W. Lungstrum**
**United States District Judge**